**SO ORDERED.**

**SIGNED this 30th day of March, 2018.**



*Dale L. Somers*
Dale L. Somers
United States Bankruptcy Judge

___

**Opinion Designated for Electronic Use, But Not for Print Publication
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **In re:** | |
| **PATRICK MICHAEL CHAPMAN,** | **CASE NO. 17-12138-7** |
| **DEBTOR.** | **CHAPTER 7** |

**OPINION GRANTING THE DEBTOR'S MOTION TO CONVERT**

**THIS CASE TO CHAPTER 13**

This matter is before the Court on the Debtor's motion to convert to Chapter 13 (Doc. 38), and the objections filed by Chapter 7 Trustee Edward J. Nazar (Doc. 40) and the U.S. Trustee (Doc. 41). The Debtor appears by counsel Dana Manweiler Milby. Trustee Nazar appears as attorney for the trustee. U.S. Trustee Samuel K. Crocker appears by attorney Richard A. Wieland. The Court has reviewed these pleadings and decided this order should be entered now.

Trustee Nazar reports that he has engaged in significant legal services since the Debtor filed this case, and suggests the Debtor's motion to convert is addressed to the Court's discretion, citing the Supreme Court's decision in *Marrama v. Citizens Bank*.[1] If the Court grants the motion, Trustee Nazar asks to be allowed an administrative expense for the activity and work he and his counsel have done until the case is converted.

The U.S. Trustee mainly complains that the Debtor's Statement of Financial Affairs did not report any transfers of property to his wife, but in an examination conducted pursuant to Fed. R. Bankr. P. 2004, the Debtor testified that in the year before he filed bankruptcy, he transferred his interest in a house in California to his wife, and also admitted the transfer was not disclosed in his Schedules or his Statement of Financial Affairs. Like Trustee Nazar, the U.S. Trustee cites *Marrama* as support for the argument that § 706(a) does not give a Chapter 7 debtor an absolute right to convert his or her case to Chapter 13.

Although the Court agrees that *Marrama* held a bankruptcy court can properly deny a Chapter 7 debtor's motion to convert to Chapter 13 if the debtor has acted in bad faith, the Court is not convinced the Debtor's alleged bad faith has been established in this case. In *Marrama*, the debtor's principal asset was a house in Maine and he disclosed that he was the sole beneficiary of a trust that owned the house but he listed the value of the house as zero, and failed to disclose that he had transferred the house to the trust for

---

[1] 549 U.S. 365, 127 S.Ct. 1105, 166 L.Ed.2d 956 (2007).

no consideration during the year before he filed bankruptcy.[2]  He also admitted at some point that he had transferred the house to protect it from his creditors.[3]  So the debtor remained the beneficial owner of the house even though he had transferred its legal title to his trust.  The U.S. Trustee does not suggest the Debtor in this case retained any interest in the California house after he gave his wife a quit-claim deed.  Furthermore, the question in *Marrama* was not whether a bankruptcy court must not grant a motion to convert to Chapter 13 until after it decides whether the case would be subject to dismissal or re-conversion under § 1307(c) based on the debtor's bad faith, but whether the court must grant the conversion motion first and then decide whether the debtor's alleged bad faith requires the case to be dismissed or re-converted.

In the usual case, this Court sees no reason to hold a debtor's motion to convert in abeyance while the parties litigate his or her alleged bad faith.  That question can be decided just as expeditiously if the motion to convert is granted immediately.  And while that litigation progresses, the parties can simultaneously proceed to comply with other Chapter 13 procedures:  the debtor can file a plan, the creditors and interested parties can decide whether to object to the plan, the debtor can begin making plan payments, and so forth.  They would have to do these things anyway if the Court ultimately decided to grant the motion to convert.  In fact, the U.S. Trustee seems to recognize the value of proceeding to follow Chapter 13's requirements.  He asks the Court to require the Debtor

---

[2]*Id*. at 368.

[3]*Id*.

to go ahead and file a Chapter 13 plan, complete Forms 122C-1 and 122C-2, and file amended Schedules I and J to show that his plan is feasible. But if the Debtor's bad faith were already established, why should he be required to pursue relief that is known to be futile? Apparently, the futility of converting to Chapter 13 was clear in *Marrama* before the bankruptcy court ruled on the motion to convert, denying it. By contrast, the alleged bad faith of the Debtor here is not so clear that converting the case to Chapter 13 would undoubtedly be a waste of everyone's time and effort. In addition, waiting to rule on the Debtor's motion to convert would leave Trustee Nazar in something of a quandary, uncertain if he should proceed to fulfill his duties as a Chapter 7 trustee, or wait to take any further action until the motion is decided.

The Debtor's motion to convert this case to Chapter 13 is hereby granted. Trustee Nazar is free to apply to have his fees and expenses allowed as an administrative expense.

# # #